Timothy TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–98–104–CR.

Court of Appeals of Texas,
Waco.

Sept. 29, 1999.

William J. Browning, Austin, for appellant.

John W. Segrest, Criminal District Attorney, Thomas C. West, Asst. District Attorney, Kelli A. Fernandez, Asst. District Attorney, Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

TOM GRAY, Justice.

At a jury trial for driving while intoxicated, the defendant testified that his prior arrests were in the past and that he was "getting on" with his life. The defendant also testified that he was "polite to police officers because they are public servants." During cross examination, the prosecution introduced evidence of a violent confrontation defendant had with police several weeks after he was arrested for this offense. Did the defendant "open the door" with his testimony to allow impeachment with this collateral matter? Because we find that the he did, we affirm the ruling of the trial court.

### BACKGROUND

Appellant, Timothy Turner, was arrested and charged with driving while intoxicated, a felony under Article 49.04 of the Texas Penal Code. The case was tried before a jury, which returned a guilty verdict and assessed eight years confinement. The trial court sentenced Turner to eight years confinement. Turner appealed in a timely manner.

### APPEAL

Turner brings three issues for consideration. In his first issue, Turner argues that the trial court erred when it allowed the State to present evidence of a "bad act" which was not admissible under Texas Rule of Evidence 404(b). Turner asserts that admission of this testimony was an abuse of the trial court's discretion which was harmful and prejudicial. Turner also asserts legal and factual insufficiency to support the jury verdict.

### STANDARD OF REVIEW FOR ADMISSION OF EVIDENCE

In determining whether a trial court erred in admitting evidence of a bad act, we apply an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1990). Unless the decision fell outside the zone of reasonable disagreement, given the law and pertinent circumstances, we must uphold the decision. *Id.*

### EVIDENCE ADMITTED

Turner took the stand in his own defense at trial. On direct Turner testified at length regarding his version of the events of the night he was arrested. During this testimony, he made six references to his own polite behavior towards the police while also claiming that he was met with rude treatment from the officer. While still on direct, Turner claimed that he was being polite to the officer because the officer was a public servant. Turner stated that the officer "called in" his drivers license and decided to arrest him only upon learning about his "two priors" for driving while intoxicated. Turner testified that, in response to this turn of events, he told the officer, "... look, sir, that happened years ago. That's in the past. I made my mistakes, and I am going to college, I am doing—getting on."

On cross-examination, the prosecutor began to question Turner about a violent confrontation with the police which occurred several weeks after the arrest for which he was on trial. Turner objected to this evidence as inadmissible character evidence. The prosecution countered that Turner had "opened the door" during his direct testimony by references to his atti-

tude and conduct towards public servants. The judge overruled Turner's objection. Turner then testified he had no recollection of the confrontation with the police or the medical treatment required as a result of the confrontation.

Turner anticipated that the State would call the police officer involved in the confrontation during the State's rebuttal, so prior to the State's rebuttal and outside the presence of the jury, Turner asked that the testimony regarding the confrontation be limited to Turner's manner and attitude toward police officers without mentioning his intoxicated appearance. During this exchange with the Court, Turner admitted that he had opened the door on the issue of his attitude, but claimed that he had not opened the door concerning *driving* while intoxicated on the night of the confrontation with the police. The prosecution responded that it would only reference Turner's intoxication to show his attitude toward public servants while intoxicated because it was a topic about which Turner himself had testified on direct examination. The prosecution agreed to avoid questions concerning Turner's *driving* while intoxicated on the night of the extraneous event. During this exchange outside the presence of the jury, there was no objection to the anticipated testimony of the police officer regarding the violent confrontation.

The State then proceeded with its rebuttal. The State called Officer Daws, who was involved in the confrontation, to testify about the events of that night. Daws testified that Turner attempted to punch him in the arm, had smelled strongly of alcohol, and had attempted to flee on foot. Daws testified Turner was apprehended after he fell and fractured his ankle. Turner was taken to the hospital due to his fractured ankle. Daws also testified that no charges were filed as a result of this subsequent confrontation with the police. Turner made no objections to any of Daws' testimony.

▮ To present a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. TEX. R.APP. P. 33.1(a)(1). A defendant must make a timely objection at trial in order to preserve the complaint for appellate review. *Banda v. State*, 890 S.W.2d 42, 62 (Tex.Crim.App.1994); TEX.R.APP. P. 33.1(a)(1). If he fails to do so, he forfeits the right to complain about the action of the trial court on appeal. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996). Turner failed to preserve any complaint with regards to Officer Daws' testimony. We will, in the interest of justice, exercise our discretion and address the merits of his point in the event that the Court of Criminal Appeals decides that he has preserved his complaint.

## OPENING THE DOOR

▮ Turner urges this court to find that the character evidence of his violent confrontation with the police was inadmissible because it is not one of the exceptions to Rule 404(b) of the Texas Rules of Evidence. Specifically, Turner urges us to hold both the questions during his own cross-examination, as well as the testimony of Officer Daws concerning the extraneous event, inadmissible under rule 404(b). At trial, the prosecution stated that the collateral evidence was offered to impeach Turner's credibility because he had opened the door regarding his attitude toward police officers. We examine Turner's testimony under established rules concerning impeachment to determine whether Turner opened the door.

▮ It is well settled that "an accused puts his character for veracity (as opposed to his moral character) in issue by merely taking the stand, and thus he may be impeached in the same manner as any other witness." *Hammett v. State*, 713 S.W.2d 102, 105 (Tex.Crim.App.1986). When attacking the credibility of witnesses, evidence of prior criminal convictions will be admitted only if the crime was

a felony or involved moral turpitude and the court determines that the probative value outweighs its prejudicial effects. Tex.R. Evid. 609. As with any other witness, an accused cannot be impeached with a prior offense unless the offense resulted in a final conviction for either a felony or a crime involving moral turpitude, and the conviction is not too remote in time. *Ochoa v. State*, 481 S.W.2d 847, 850 (Tex. Crim.App.1972). An exception to this general rule arises when the defendant, during direct examination, leaves a false impression as to the extent of either his (1) arrests (2) convictions (3) charges or (4) "trouble" with the police. *Id.*

When the accused leaves a false impression during direct examination, he is commonly said to have "opened the door" to an inquiry by the State as to the veracity of his testimony. Accordingly, the State is allowed to do what it could not normally do—dispel the false impression left by the accused about his past by introducing evidence of specific instances of bad conduct for which he is not on trial, a subject which is usually irrelevant, collateral to the case, and thus inadmissible. *Theus v. State*, 845 S.W.2d 874, 878 (Tex. Crim.App.1992).

Testimony admitted into evidence about a specific "bad act" must be related to the issue on which the door has been opened. Where a defendant details his convictions and leaves the impression that there are no others, "the State may refute the testimony despite the nature of the conviction used or its remoteness." *Ochoa*, 481 S.W.2d at 850. Likewise, the failure to admit a prior arrest, even where there is no final conviction, creates a false impression which allows the State to cross-examine the defendant concerning the prior arrest. *Martinez v. State*, 687 S.W.2d 817 (Tex.App.—San Antonio 1985), *aff'd*, 728 S.W.2d 360, 361 (Tex.Crim.App.1987). If a defendant selectively details his trouble with the law, the failure to relate any other instances leaves the impression with the jury that the instances testified about

are the extent of his trouble with the law. *Reese v. State*, 531 S.W.2d 638 (Tex.Crim. App.1976). When the witness by his testimony leaves a false impression with respect to his prior criminal history, cross-examination is not limited to the witness' own assertions on direct examination. *See Ex parte Carter*, 621 S.W.2d 786 (Tex. Crim.App.1981); *Shipman v. State*, 604 S.W.2d 182 (Tex.Crim.App.1980).

To so limit cross-examination when a false impression has been made would allow the defendant the chance to offer self-flattering remarks without fear of the prosecutors' being able to show extraneous conduct contrary to the particular self-flattering remarks. *Baxter v. State*, 645 S.W.2d 812, 816 (Tex.Crim.App. 1983). As with any other witness, when an accused testifies gratuitously as to some matter that is irrelevant or collateral to the proceeding, he may be impeached by a showing that he has lied or is in error as to that matter. *Hammett v. State*, 713 S.W.2d 102 (Tex.Crim.App.1986); *R.X.F. v. State*, 921 S.W.2d 888, 902 (Tex.App.— Waco 1996, no pet.).

On direct examination Turner testified six times that he was polite to the police officer during his stop. He further stated that he was polite because the police officer was a public servant. Additionally, Turner asserted that his prior trouble with the law was effectively a part of his past and that he was "getting on" with his life.

This testimony purported to give the jury the whole story. The testimony would have left the jury with the false impression that Turner had only the history which he claimed for himself. Turner's assertions created a false impression that there were only two prior arrests that occurred long ago, that he was polite to public servants, and that his trouble with the law was all in the past.

His testimony put in issue his attitude toward public servants, including his other interactions with the police. Once Turner gratuitously opened the door to these col-

lateral issues, the prosecution was entitled to introduce evidence to complete the story.

Because we conclude that Turner "opened the door" during his direct examination, we hold that the trial court did not abuse its discretion by admitting other evidence to correct the false impression created by Turner. Having opened the door, Turner is in no position to complain about the State's questions regarding his confrontation with the police that occurred several weeks after his arrest on the charge for which he was on trial. We overrule issue one.

## LEGAL AND FACTUAL SUFFICIENCY

Turner also raises issues of the legal and factual sufficiency required to sustain his conviction. Before we discuss the merits of these points, we will address the manner in which these issues are presented and the adequacy of the briefing and discussion of the record under each.

### INADEQUATE BRIEFING

The entire text of appellant's brief on these two issues is as follows:

**ISSUE TWO**

In *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard of review for legal sufficiency is outlined. Under *Jackson*, the evidence is viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See also, *Peddicord v. State*, 942 S.W.2d 100 (Tex.App.—Amarillo 1997).

In light of this standard, the state failed to prove every element of their case beyond a reasonable doubt. There was only one source of testimony regarding the Appellant's intoxication, that was Officer Neal. There was contradictory testimony from Ms. Lyons and from Mr. Bowton about whether or not there was

actually a sobriety test administered to the Appellant.

**ISSUE THREE**

In *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim.App.1996), the court sets out the standard of review for the factual sufficiency of the elements of the offense. Basically, the Court of Appeals should weigh all the evidence *without* the burden of in the light most favorable to the verdict. The evidence should be considered and if the verdict is against the overwhelming weight of the evidence to such an extent that it is clearly wrong and unjust, then the verdict should be set aside.

If, the evidence passes the legal sufficiency standard of review laid out above, in the alternative, the evidence will not hold up to a factual sufficiency challenge.

This brief is not adequate on either issue raised.

■ We have reviewed the legal or factual sufficiency of the evidence even when the relevant evidence was not outlined, summarized, or cited by the parties and when the particular element the evidence was alleged to be lacking was not specified by the party. We have even reviewed the record for evidence of each element of the offense or cause of action when the particular element challenged was not specified. This is very time consuming and, to the extent the parties are not complaining about the sufficiency of the evidence on some elements of the offense, it constitutes a waste of judicial resources. The problem of inadequate briefing has been particularly prevalent in cases like this one, where there is an arguable issue, but then, almost as an afterthought, the issues of legal and factual sufficiency are "thrown in" to the brief.

A brief asserting legal or factual insufficiency of the evidence is helpful when it focuses our attention on the disputed issues, specifies each element of the crime or cause of action, and specifies which element lacks evidentiary support. The

brief should contain a discussion of the relevant evidence and why that evidence is not sufficient.

For a legal sufficiency issue, the evidence that will most likely be argued as supporting the element must be discussed and analyzed in accordance with relevant case law and our standard of review. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). If it is a factual sufficiency challenge, a summary of each witness' testimony or other evidence relevant to the specific element being challenged should be contained in the brief with an analysis of the standard stated in *Clewis v. State,* 922 S.W.2d 126 (Tex.Crim.App.1996).

General references to the record and invitations to review the testimony of a particular witness are inadequate.

In this brief, Turner asserts that the evidence is factually insufficient to support the conviction. While Turner properly points to *Clewis* as setting forth the standard for reviewing factual sufficiency, he does not specify any element on which he contends the evidence is insufficient. He simply states the standard that is generally applied, then concludes, "If the evidence passes the legal sufficiency standard of review laid out above, in the alternative, the evidence will not hold up to a factual sufficiency challenge." The Court of Criminal Appeals has held that similar language constitutes insufficient briefing. *McDuff v. State,* 939 S.W.2d 607, 613 (Tex. Crim.App.), *cert. denied,* 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997).

We have previously cautioned that while the Texas Rules of Appellate Procedure allow broad application with regard to briefing and issues presented, counsel should adequately brief each issue. *Nevels v. State,* 954 S.W.2d 154 (Tex.App.—Waco 1997, pet. ref'd); *See also Deckard v. State,* 953 S.W.2d 541 (Tex.App.—Waco 1997, pet. ref'd). *Nevels,* argued both legal and factual sufficiency in one point but in the prayer asked only for an acquittal.

This prayer was only appropriate for the legal sufficiency complaint. We cautioned counsel to brief these issues separately.

We contrast this brief with our holding in *Calhoun v. State.* In *Calhoun,* we held a factual sufficiency issue properly briefed where appellant raised the issue separately from his legal sufficiency claim, discussed the standard of review, and argued why the evidence was factually sufficient. *Calhoun v. State,* 951 S.W.2d 803, 810 (Tex.App.—Waco 1997, pet. ref'd). Though the argument as to why the evidence was factually insufficient was short, we held it was adequately briefed because the case was on remand for other reasons, and counsel was unaware that we would reconsider his original factual sufficiency points. *Id.*

One additional comment regarding Turner's legal sufficiency issue is noteworthy. He does attack the legal sufficiency of the evidence of a specific element: intoxication. This element was specified by stating: "There was only one source of testimony regarding the Appellant's intoxication, that was Officer Neal." However, the next sentence affirmatively negates not only this statement, but the merit of the point by stating: "There was contradictory testimony from Ms. Lyons and from Mr. Bowton about whether or not there was actually a sobriety test administered to the Appellant."

As a general rule, we consider an issue on appeal, even though technically it is not properly briefed, if our attention is directed to a specific complaint about the trial court's action contained in the record. *Pacific Employers Ins. v. Dayton,* 958 S.W.2d 452 (Tex.App.—Fort Worth 1997, pet. denied). Appellant's brief does not point to anything specific in the record. However, in the interest of justice we will consider Turner's issues and the evidence by an independent examination of the record. *Skillern v. State,* 890 S.W.2d 849, 882 (Tex.App.—Austin 1994, pet. ref'd).

## LEGAL SUFFICIENCY

As indicated, Turner argues in his second issue that the evidence is legally insufficient to support the judgment in that the only source of testimony asserting his intoxication was contradicted by two of his witnesses. Rather than searching the record for conflicts and contradictions as Turner apparently would have us do, in our review of a claim of legal insufficiency, we examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–319, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Lane v. State*, 933 S.W.2d 504, 507 (Tex. Crim.App.1996).

Turner asserts that the arresting officer, Officer Neal, is the only witness produced by the state who could offer testimony about his intoxication.[1] In his brief, he asserts that because he produced two witnesses who contradicted Officer Neal, the state failed to prove that Turner was intoxicated. We will review the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt and, in particular, the element of intoxication. *Geesa v. State*, 820 S.W.2d 154, 160 (Tex.Crim.App.1991); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). In reviewing a challenge to the legal sufficiency of the evidence, an appellate court considers only the evidence and inferences tending to support the findings and disregards all evidence and inferences to the contrary. *Love v. State*, 972 S.W.2d 114, 118 (Tex.App.—Austin 1998, pet. denied).

Officer Neal testified extensively as to his experience in the administration of sobriety tests. On the night in question, he testified that he originally pulled Turner over because one headlight was not working on his automobile. Upon approaching the vehicle, Officer Neal testified that Turner and his passenger were attempting to hide open containers of beer. According to Neal, Turner appeared labored in his actions and was slow to produce his license while his movements lacked coordination. Neal also smelled "a very strong odor of alcohol" on Turner's breath.

Officer Neal testified that he administered several sobriety tests to Turner including the recitation of the alphabet, the horizontal gaze nystagmus test, the stand-on-one-foot test, and the walk-and-turn test, all of which indicated significant impairment. In his testimony, he stated that the entire interview on the side of the road took approximately twenty minutes. Officer Neal testified that in his opinion, Turner was intoxicated and had lost the normal use of his mental and physical faculties by reason of introduction of alcohol into his body. According to Officer Neal, he then arrested Turner and took him to the police station where Turner refused to take an intoxilyzer test.

When viewed in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the element of intoxication required to establish the crime. *Jackson*, 443 U.S. at 318–319, 99 S.Ct. 2781. Issue two is without merit and is therefore overruled.

## FACTUAL SUFFICIENCY

When presented with a factual insufficiency claim, we discard the prism of the light most favorable to the verdict. *Clewis*, 922 S.W.2d at 134. We reverse "only if [the verdict] is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Id.* We give appropriate deference to the jury's decision and do not substitute our judgement for theirs. *Id.* at 135. The jury is

---

1. Under the Texas Penal Code a person commits the offense of driving while intoxicated if the person is intoxicated while driving or operating a motor vehicle in a public place. Tex. Pen.Code Ann. § 49.04(a) (Vernon 1994, 1999).

the trier of fact, and is the ultimate authority on the credibility of witnesses and the weight to be given to their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App. [Panel Op.] 1981).

■ In issue two, labeled a legal sufficiency issue, Turner urged that the evidence was insufficient for conviction because Officer Neal's claim that he performed sobriety tests was contradicted by Turner and two witnesses. First, we note that performance of a field sobriety test is not an element of the offense. Second, if there is any other evidence of intoxication, it must be considered in addition to the evidence regarding the results of the field sobriety test. Turner is actually challenging the factual sufficiency of the element of intoxication, which is also his third issue.

■ We now consider this element of the offense, intoxication, in a factual sufficiency context. In addition to Turner, Patricia Lyon, a security officer of a bar at the location where Turner was stopped, along with Michael Bowton, the passenger in Turner's car, were called to testify at trial. All three persons testified that Officer Neal did not perform any sobriety tests. Each witness also estimated the length of time and location of the stop differently. While such evidence may be in conflict, it is for the jury as trier of fact to resolve any conflicts and inconsistencies in the evidence. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App.1982). Even where there is no conflict, the jury may give no weight to some evidence, and thereby reject part or all of a witness's testimony. *See Beardsley v. State*, 738 S.W.2d 681, 684 (Tex.Crim.App.1987). The jury is the judge of the credibility of the witnesses and may "believe all, some, or none of the testimony." *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991).

Lyon's testimony that the stop she witnessed lasted five minutes with no sobriety tests does not necessarily conflict with Officer Neal's statement that the stop lasted twenty minutes and included sobriety tests. The jury could conclude that Lyon did not see all of the stop.

Likewise, the testimony of Bowton, who admitted to his own intoxication at that time, is not necessarily contradictory to the testimony of Officer Neal. From his vantage point, he may not have been in a position to see all of the interaction between Officer Neal and Turner.

■ Further, mere contradiction of testimony made by a witness at trial will not suffice to overturn a conviction for factual sufficiency. If the jury believed Officer Neal over Turner and Bowton, they merely exercised their proper function. We must give due deference to the jury's assessment of the credibility of the witnesses and the weight to be given their testimony. *Clewis*, 922 S.W.2d at 135.

The jury was required to find that Turner committed the offense of driving while intoxicated beyond a reasonable doubt. In doing so, the jury could have rejected any or all of a particular witness' testimony. We give deference to the jury's assessment of credibility and reconciliation of potential conflicts. The judgment is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis*, 922 S.W.2d at 135. Issue three is overruled.

We affirm the judgment.