Joe Bennett Thompson v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-322-CR

     JOE BENNETT THOMPSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 278th District Court
Leon County, Texas
Trial Court # CM-99-459A
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      After a bench trial, seventy-two-year-old Joe Bennett Thompson was convicted of
misdemeanor driving while intoxicated. This was a lesser-included offense of the felony he was
indicted for: he had six prior convictions for driving while intoxicated. The trial court sentenced
him to six months in jail and a $2,000 fine. On appeal, Thompson complains that the evidence
is legally and factually insufficient to convict him. We will affirm the judgment.
The State’s Burden of Proof
      A person commits the offense of driving while intoxicated if the person is intoxicated while
operating a motor vehicle in a public place. Tex. Pen. Code Ann. § 49.04 (Vernon 2003). 
"Intoxicated" means: (a) not having the normal use of mental or physical faculties by reason of
the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of
two or more of those substances, or any other substance into the body; or (b) having an alcohol
concentration of 0.08 or more. Id. § 49.01(2). The State alleged a theory under “a.” Thompson
complains that the State did not prove he did not have the normal use of his mental or physical
faculties by reason of the introduction of alcohol.
The Evidence
      Officer Kelly testified that he received a call from Thompson’s girlfriend, Faye Parker, during
which she said that Thompson had just left her home, was intoxicated, and might hurt somebody. 
There had been an argument between Thompson and Parker’s son. Officer Burr testified that he
spotted Thompson driving 75 miles-per-hour in a 45 mile-per-hour zone, and his attempt to stop
Thompson resulted in a sixteen-mile chase on the interstate with speeds exceeding 100 miles per
hour. During the chase, Thompson was weaving in and out of traffic, abruptly braked in front
of Burr in an attempt to have Burr’s vehicle collide with his vehicle, and attempted to run Burr
off the road. Thompson exited the interstate and drove another seven miles toward his home. 
Thompson drove past his driveway, made a u-turn, and drove back to and entered his driveway. 
By this time Officer Gifford had joined in the pursuit. He testified that he parked behind
Thompson, who then rammed Gifford’s vehicle several times. Thompson exited his vehicle and
assumed a boxer’s stance and threatened to “whup” Burr, Gifford, and several other officers who
had arrived. The officers subdued and handcuffed Thompson. Officer Kelly arrived and
transported him to jail.
      There was this additional testimony at trial:
      •    Officer Burr testified that Thompson appeared intoxicated, had a strong smell of alcohol,
and had slurred speech. 
 
      •    Officer Gifford testified that Thompson had a strong odor of alcohol on his breath, had
rambling speech, had bloodshot eyes, and was intoxicated.
 
      •    Officer Kelly testified that Thompson was intoxicated as shown by his being “just a tad”
unsteady on his feet, having red eyes and face, and smelling strongly of alcohol. He said
Thompson was coherent when talking. Thompson commented that he would have outrun
them if he had a Chevrolet instead of a Cadillac. He said he was wrong in what he had
done. Kelly knew Thompson and testified that he did not appear to be his usual self in
his appearance and behavior. He testified, without objection, that he had arrested
Thompson previously on a driving-while-intoxicated charge. 
 
      •    Thompson called Parker who said that, when Thompson left her house that night, he was
not intoxicated and his speech was not slurred.
 
      •    At the jail, Thompson refused a breath test. There was no video at the scene or at the
jail. No field-sobriety tests were administered.
 
      •    A thirty-pack of cold beer was found in Thompson’s vehicle, and one twelve-ounce can
was missing.

Legal Sufficiency of the Evidence
      In reviewing a challenge to the legal sufficiency of the evidence, we do not weigh favorable
and non-favorable evidence. Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim. App. 2000). 
Rather, we view all the evidence in the light most favorable to the determination of guilt and
determine whether a rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) (due
process standard from Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). 
We consider both direct and circumstantial evidence as well as evidence improperly admitted. 
Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The judgment may not be
reversed unless it is irrational or unsupported by proof beyond a reasonable doubt. Matson v.
State, 819 S.W.2d 839, 846-47 (Tex. Crim. App. 1991).
      Three officers testified that Thompson showed signs of intoxication: strong smell of alcohol,
slurred or rambling speech, unsteadiness on his feet, blood-shot eyes, belligerent behavior. His
girlfriend told police that he was intoxicated. In an attempt to evade detention, Thompson led
police on a chase at excessive speeds. He was driving erratically and dangerously. Thompson’s
defense consisted primarily of the testimony of Parker that he was not intoxicated, which
contradicted what she told Kelly on the night of the incident. He also relies on the testimony of
Kelly that he was coherent and made statements to Kelly which show he was thinking clearly.
      Based on a review of all the evidence viewed in the light most favorable to the determination
of guilt, the trial court’s finding was not irrational or unsupported by proof beyond a reasonable
doubt. Matson, 819 S.W.2d at 846-47. We overrule this complaint.
Factual Sufficiency of the Evidence
      In reviewing a challenge to the factual sufficiency of the evidence, we begin with the
assumption that the evidence is legally sufficient. See Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997). We must view all the evidence without the prism of the “in the light
most favorable to the prosecution” construct. See Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996). We ask “whether a neutral review of all the evidence, both for and against
he finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see
also Goodman v. State, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001).
      We must also remain cognizant of the factfinder’s role and unique position—one that the
reviewing court is unable to occupy. Johnson, 23 S.W.3d at 9. The jury determines the
credibility of the witnesses and may “believe all, some, or none of the testimony.” Chambers v.
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). It is the jury that accepts or rejects
reasonably equal competing theories of a case. Goodman, 66 S.W.3d at 287. A decision is not
manifestly unjust as to the accused merely because the factfinder resolved conflicting views of
evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).
      The trial court heard testimony from three experienced officers that Thompson displayed the
usual symptoms of an intoxicated person: blood-shot eyes, slurred or rambling speech,
unsteadiness on his feet, strong odor of alcohol. He was observed driving erratically and
dangerously at exceptional speeds. He missed the turn-in to his driveway. He caused his vehicle
to ram one of the officer’s vehicles. He wanted to fight several officers many years his junior. 
There was beer in his vehicle. The trial court observed the demeanor of these officers, made a
determination of credibility in their favor, and convicted Thompson.
      Thompson relies on Parker’s testimony that he was not intoxicated. But, that is contradicted
by what she told Kelly—that Thompson was intoxicated and might harm somebody. Thompson
also points out that there were no field-sobriety tests, video, or breath test. Officers testified that
they did not conduct field tests because Thompson was belligerent; he also refused a breath test. 
Under the circumstances, the absence of those tests does not compel a decision that the evidence
is factually insufficient to support a finding that Thompson was intoxicated.
      Thompson also points out what he argues are indications in the record that he was not
intoxicated, e.g., Kelly’s testimony that he was “just a tad” unsteady on his feet as opposed to
being unsteady, Gifford’s testimony that he was rambling as opposed to having slurred speech,
the fact that there were no traffic accidents on the interstate, the fact that eventually he calmed
down and cooperated in being taken to jail, and the comments he made to Kelly which he argues
show enough presence of mind to support a finding that he was thinking clearly and so was not
intoxicated. But a decision is not manifestly unjust as to the accused merely because the factfinder
resolves conflicting views of evidence in favor of the State. Cain, 958 S.W.2d at 410. By
Thompson’s own actions, and according to the testimony of multiple witnesses, there was evidence
of intoxication as alleged. Under this record, the proof of guilt is not so obviously weak as to
undermine confidence in the trial court’s finding, nor is the proof of guilt, adequate if taken alone,
greatly outweighed by contrary proof. Johnson, 23 S.W.3d at 11.
      Thompson relies on Turner v. State, 4 S.W.3d 74 (Tex. App.—Waco 1999, no pet.), and
Perkins v. State, 19 S.W.3d 854 (Tex. App.—Waco 2000, no pet.). Neither case supports his
argument. He says that the facts in his case are significantly different from those in Turner in
which the defendant failed field-sobriety tests, lacked coordination, and attempted to hide beer. 
Turner, 4 S.W.3d at 82. We do not agree. There are a different set of facts in the present case,
but they are equally supportive of guilt as were those in Turner. In Perkins, unlike the present
case, there was evidence directly calling into question the veracity of the officers’ version of the
events surrounding the offense, yet we nevertheless found the evidence to be factually sufficient. 
Perkins, 19 S.W.3d at 858.
      We overrule this complaint.
Conclusion
      We find the evidence legally and factually sufficient to support the conviction, and we affirm
the judgment.

                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Judge Strother (Sitting by Assignment)



Affirmed
Opinion delivered and filed December 31, 2003
Do not publish
[CR25]