

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-463-CR

EDWARD G. CROCKETT                                          APPELLANT

V.

THE STATE OF TEXAS                                               STATE

------------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Edward G. Crockett appeals his conviction for possession of four grams or more but less than 200 grams of cocaine enhanced by a prior burglary conviction.[2]  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (Vernon 2003); Tex. Penal Code Ann. § 12.42(b) (Vernon Supp. 2008).

On the night of December 28, 2006, Fort Worth Police Officers J.H. Hill and D.M. Martinez were staking out a known drug house on Hanna Street in Fort Worth when a station wagon pulled up to the curb in front of the house. The driver, Harry Ford, exited the car, met briefly with another man on the doorstep, returned to the station wagon, and drove away.

Suspecting that a drug transaction had just occurred, the officers followed the station wagon several blocks to a house on Northwest 26th Street. Ford parked in the driveway and met appellant in the street. As Officer Hill approached Ford, appellant retreated to the driveway next to the station wagon. Officer Hill saw appellant place his hand on top of the station wagon near the driver's door and wait. Officer Hill wondered why appellant was "still hanging around the area," so he went to talk to him. Officer Hill observed that appellant was very nervous; his lips were quivering and he was glancing around and over his shoulder. Officer Hill then frisked appellant as a precaution and found a "crack pipe" on him. Officer B.A. Farmer arrived at that point, and as he was walking up the driveway, he spotted a small plastic bag of crack cocaine resting on top of the station wagon. The officers then arrested appellant.

The State indicted appellant for possession of a controlled substance. He waived a jury and was tried before the court. The trial court found him guilty and sentenced him to ten years in prison.

In his sole point on appeal, appellant claims that the evidence is factually insufficient to support his conviction because the witnesses' testimonies conflicted and the State's evidence was insufficient to link him to the contraband.

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.[3] We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust.[4] To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight

[3] *Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 1037 (2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).

[4] *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417.

and preponderance of all the evidence, though legally sufficient, contradicts the verdict.[5]

We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the trial court or because we disagree with its resolution of a conflict in the evidence.[6] We may not simply substitute our judgment for the factfinder's.[7] Unless the record clearly reveals that a different result is appropriate, we must defer to the trial court's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict often turns on an evaluation of credibility and demeanor, and the trier of fact was in attendance when the testimony was delivered.[8] Thus, we must give due deference to the factfinder's determinations, "particularly those determinations concerning the weight and credibility of the evidence."[9] An opinion addressing factual

---

[5] *Watson*, 204 S.W.3d at 417.

[6] *Id.*

[7] *Johnson v. State*, 23 S.W.3d 1, 12 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

[8] *Johnson*, 23 S.W.3d at 8.

[9] *Id.* at 9.

sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal.[10]

A person unlawfully possesses contraband when he (1) exercises actual care, custody, control, or management over the contraband and (2) knows the matter possessed is contraband.[11] When there is no evidence that the accused was in exclusive control of the place where the contraband was found, the State must offer additional, independent facts and circumstances that "link" the accused to the contraband.[12] Whether this evidence is direct or circumstantial, "it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous."[13]

No formula exists to dictate a finding of links sufficient to support an inference of knowing possession.[14] It is the logical force of the evidence, and

---

[10] *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

[11] Tex. Health & Safety Code Ann. §§ 481.002(38) (Vernon Supp. 2008), 481.115(d) (Vernon 2003); *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005).

[12] *See Poindexter*, 153 S.W.3d at 406.

[13] *Id.* (quoting *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)).

[14] *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.).

not the number of links, that supports a factfinder's verdict.[15] Possible links include but are not limited to (1) whether the defendant was present when the drugs were found; (2) whether the drugs were in plain view; (3) the defendant's proximity to the drugs and their accessibility; (4) whether the defendant possessed other contraband or drug paraphernalia; and (5) whether the defendant made furtive gestures.[16]

Applying the relevant links listed above to this case, the record shows that appellant was in knowing possession of the drugs at the time of his arrest. The evidence described above shows that appellant was present when the drugs were found, that he made furtive gestures, that he possessed drug paraphernalia at the time of his arrest, that the drugs were in plain view, and that the drugs were proximate to appellant and accessible to him. Although appellant points out a number of discrepancies and conflicts in the testimony relevant to these links, he does not explain how they render the evidence factually insufficient. Mere contradictions in testimony made by witnesses at trial will not suffice to overturn a conviction based on factual insufficiency.[17] Rather, contradictions or conflicts relate to the weight and credibility of the

---

[15] *Evans v. State*, 202 S.W.3d 158, 166 (Tex. Crim. App. 2006).

[16] *See Taylor*, 106 S.W.3d at 831.

[17] *Turner v. State*, 4 S.W.3d 74, 83 (Tex. App.—Waco 1999, no pet.).

evidence.[18] As factfinder, the trial court resolved any alleged conflicts in the witnesses' testimony in the State's favor, and viewing the entire record in a neutral light, we cannot say that the trial court's resolution of conflicts in the testimony was clearly wrong or manifestly unjust.[19] Accordingly, we overrule appellant's sole point of error and affirm the trial court's judgment.

PER CURIAM

PANEL: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 18, 2009

---

[18] *Weisinger v. State*, 775 S.W.2d 424, 429 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd).

[19] *See Watson*, 204 S.W.3d at 414–15, 417; *Johnson*, 23 S.W.3d at 8, 11.