

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00400-CR

**CURTIS WAYNE HAMILTON,**

                                                   **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                   **Appellee**

---

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 32094CR

---

## MEMORANDUM OPINION

---

Joel and Patty Chandler hired Roy Prather and Appellant Curtis Wayne Hamilton to help them move from Greenville, Texas to Waxahachie, Texas. Prather and Hamilton both testified that they had several conflicts throughout the day. Prather testified that just after they arrived in Waxahachie, he got into the U-Haul truck to get away from Hamilton when, through the open window of the truck, Hamilton hit him in the throat with a metal pipe. Mrs. Chandler's testimony supported this testimony. Hamilton testified, however, that Prather came toward him with a pipe in his hand, so

he picked up something to defend himself with. He stated that he swung the pipe at Prather, but he did not hit him.

Hamilton testified on direct examination that while he and Mrs. Chandler were in the car driving to Waxahachie, she asked him if he was going to fight, and he replied, "I don't fight." He also testified, "I told Mr. Prather, I don't like to fight because fighting -- I belong to the brotherhood. I'm trying to -- I'm trying to -- I'm trying to save Waxahachie. I'm trying to bring people closer." Furthermore, when his counsel asked him if, in his mind, he started the "shenanigans," Hamilton replied, "No. I don't like to fight. I told you I don't like to fight. I hate fighting because fighting gets you in trouble and fighting gets you hurt."

The State asked the court outside the presence of the jury that it be allowed to impeach Hamilton by questioning him about his prior convictions for assault and resisting arrest in order to correct the false impression that he does not fight. Hamilton's counsel objected, but the trial court overruled the objections, and the State questioned Hamilton accordingly.

A jury found Hamilton guilty of aggravated assault and assessed a twenty-year prison sentence. In his sole point on appeal, Hamilton contends that the trial court erred in overruling his objection to the State's introduction of evidence of his prior convictions during the guilt/innocence phase of trial. We will affirm.

We review the trial court's decision to admit evidence under an abuse of discretion standard. We will reverse the trial court's decision only if it is outside the

zone of reasonable disagreement. *Allen v. State*, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003).

An accused who takes the stand may be impeached in the same manner as any other witness. *Hammett v. State*, 713 S.W.2d 102, 105 (Tex. Crim. App. 1986). But as with any other witness, an accused cannot be impeached by a prior offense that he has been charged with unless the charges resulted in a final conviction for either a felony offense or an offense involving moral turpitude, neither of which is too remote. *Prescott v. State*, 744 S.W.2d 128, 130 (Tex. Crim. App. 1988). However, an exception arises when a defendant testifies and, during direct examination, leaves a false impression as to the extent of his prior arrests, convictions, charges against him, or "trouble" with the police generally. *Id.* at 131; *Ochoa v. State*, 481 S.W.2d 847, 850 (Tex. Crim. App. 1972). In such a case, the defendant is deemed to have "opened the door" to an inquiry by the State as to the validity of his testimony. *Prescott*, 744 S.W.2d at 131.

Hamilton's testimony that he did not fight, did not like to fight, and actually worked to bring people closer together created a false impression that he is not aggressive and that he is actually a peacekeeper in the community. Thus, Hamilton opened the door to an inquiry by the State to correct the false impression. *See Turner v. State*, 4 S.W.3d 74, 78-80 (Tex. App.—Waco 1999, no pet.) (holding State could impeach defendant with subsequent, violent police confrontation when defendant testified six times on direct examination that he was polite to police officer who arrested him). Furthermore, in balancing the probative value of the evidence against its potential for unfair prejudice, we conclude that the trial court did not abuse its discretion by

admitting evidence of Hamilton's prior convictions for assault and resisting arrest. *See* TEX. R. EVID. 403. We overrule Hamilton's sole point and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed August 26, 2009
Do not publish
[CR25]