IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00400-CR

 

Curtis Wayne Hamilton,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 32094CR

 



MEMORANDUM  Opinion



 








Joel and Patty Chandler hired Roy
Prather and Appellant Curtis Wayne Hamilton to help them move from Greenville, Texas to Waxahachie, Texas.  Prather and Hamilton both testified that they had
several conflicts throughout the day.  Prather testified that just after they
arrived in Waxahachie, he got into the U-Haul truck to get away from Hamilton when, through the open window of the truck, Hamilton hit him in the throat with a
metal pipe.  Mrs. Chandler’s testimony supported this testimony.  Hamilton testified, however, that Prather came toward him with a pipe in his hand, so he
picked up something to defend himself with.  He stated that he swung the pipe
at Prather, but he did not hit him.  

Hamilton
testified on direct examination that while he and Mrs. Chandler were in the car
driving to Waxahachie, she asked him if he was going to fight, and he replied,
“I don’t fight.”  He also testified, “I told Mr. Prather, I don’t like to fight
because fighting -- I belong to the brotherhood.  I’m trying to -- I’m trying
to -- I’m trying to save Waxahachie.  I’m trying to bring people closer.” 
Furthermore, when his counsel asked him if, in his mind, he started the
“shenanigans,” Hamilton replied, “No.  I don’t like to fight.  I told you I
don’t like to fight.  I hate fighting because fighting gets you in trouble and
fighting gets you hurt.”

            The State asked the court
outside the presence of the jury that it be allowed to impeach Hamilton by questioning him about his prior convictions for assault and resisting arrest in
order to correct the false impression that he does not fight.  Hamilton’s
counsel objected, but the trial court overruled the objections, and the State
questioned Hamilton accordingly.

A jury found Hamilton guilty of
aggravated assault and assessed a twenty-year prison sentence.  In his sole
point on appeal, Hamilton contends that the trial court erred in overruling his
objection to the State’s introduction of evidence of his prior convictions
during the guilt/innocence phase of trial.  We will affirm.

            We review the trial court’s
decision to admit evidence under an abuse of discretion standard.  We will
reverse the trial court’s decision only if it is outside the zone of reasonable
disagreement.  Allen v. State, 108 S.W.3d 281, 284 (Tex. Crim. App.
2003).

            An accused who takes the
stand may be impeached in the same manner as any other witness.  Hammett v.
State, 713 S.W.2d 102, 105 (Tex. Crim. App. 1986).  But as with any other
witness, an accused cannot be impeached by a prior offense that he has been
charged with unless the charges resulted in a final conviction for either a
felony offense or an offense involving moral turpitude, neither of which is too
remote.  Prescott v. State, 744 S.W.2d 128, 130 (Tex. Crim. App. 1988).  However, an exception arises when a defendant testifies and, during
direct examination, leaves a false impression as to the extent of his prior
arrests, convictions, charges against him, or “trouble” with the police
generally.  Id. at 131; Ochoa v. State, 481 S.W.2d 847,
850 (Tex. Crim. App. 1972).  In such a case, the defendant is deemed to have
“opened the door” to an inquiry by the State as to the validity of his
testimony.  Prescott, 744 S.W.2d at 131.

            Hamilton’s testimony that he
did not fight, did not like to fight, and actually worked to bring people
closer together created a false impression that he is not aggressive and that
he is actually a peacekeeper in the community.  Thus, Hamilton opened the door
to an inquiry by the State to correct the false impression.  See Turner v.
State, 4 S.W.3d 74, 78-80 (Tex. App.—Waco 1999, no pet.) (holding State
could impeach defendant with subsequent, violent police confrontation when
defendant testified six times on direct examination that he was polite to police
officer who arrested him).  Furthermore, in balancing the probative value of
the evidence against its potential for unfair prejudice, we conclude that the
trial court did not abuse its discretion by admitting evidence of Hamilton’s prior convictions for assault and resisting arrest.  See Tex. R. Evid. 403.  We overrule Hamilton’s sole point and affirm the trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed August 26, 2009

Do
not publish

[CR25]