**Angel Lopez PAITA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–00512–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 11, 2003.

Charles Portz, Kirk J. Oncken, Houston, TX, for Appellant.

Amanda J. Peters, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, TX, for Appellee.

Panel consists of Chief Justice RADDACK, and Justices KEYES and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Angel Paita, pleaded not guilty to the misdemeanor offense of resisting arrest. A jury found appellant guilty. Pursuant to an agreement with the State, the trial court assessed punishment at confinement in the county jail for one year, probated for two years, and a $350 fine. In his first point of error, appellant contends that the trial court erred when it allowed the State to impeach appellant's testimony with evidence of a prior conviction. In his second point of error, appellant claims that he received ineffective assistance of counsel. In his third and fourth points of error, appellant contends that the evidence was legally and factually insufficient to support his conviction. We affirm.

## Background

Houston Police Officer Roger Espinoza was responding to a noise disturbance in the parking lot of an apartment complex when he encountered appellant. Appellant and another man were leaning against appellant's car and drinking beer. The trunk of appellant's car was open, and loud music was emanating from speakers inside the trunk.

Espinoza approached the two men, told them that a neighbor had contacted police to complain about the music, and told the men to turn down the music. Appellant's friend apologized to the officer and walked back to his apartment, but appellant cursed and threatened Espinoza. While attempting to arrest appellant for assault by threat, Espinoza reached for appellant's arm to handcuff him, but appellant jerked his arm away. Espinoza tried again to handcuff appellant, but he pulled away again, struggled with Espinoza, and hit Espinoza on the chin with his elbow, which caused both men to fall to the ground. Espinoza eventually handcuffed appellant, but only after appellant's son intervened and told appellant to cooperate.

## Impeachment with Prior Conviction

In his first point of error, appellant argues that the trial court erred by permitting the State to impeach appellant's testimony with his prior conviction for interference with a public servant. Appellant contends that he had not placed his character for respecting police officers into issue, but the State replies that appellant "opened the door" for admission of his prior conviction and, alternatively, that any error was harmless.

Appellant's issue in this appeal concerns his nonresponsive testimony during direct examination by his own attorney. Appellant was asked to state where he was positioned when he first saw the police car pull into the driveway. Appellant responded that he was by the rear tire of his car. Appellant then volunteered, "And Mario was—he was about this much further away. He was on this side. When I was in there, I saw a police officer coming into the property, *and me, for respect,* I turned the car completely off. If I turn the key off, I have shut the engine off and the music off, *for respect* because maybe I think he probably need to talk to us and

for me, *for respect,* it is better to not have no noise around." (Emphasis added.) While cross-examining appellant, the prosecutor referred to appellant's testimony that he acted "out of respect" for police and asked appellant whether he always respected police officers. Appellant replied that he did. The State cannot "open the door" for a defendant and may not bootstrap its way to impeachment. *See Hammett v. State,* 713 S.W.2d 102, 105 n. 4 (Tex.Crim.App.1986). Under these circumstances, we limit our review to the statements that appellant made during his direct examination.

Outside the presence of the jury, the State requested permission from the trial court to introduce evidence of appellant's prior conviction for interference with a public servant under the theory that appellant's testimony that he acted out of respect for police, contradicted and went "completely against" his previous conviction. Appellant argued that his testimony did not open the door, although the State's cross-examination inquiry attempted to do so; that the conviction the State attempted to introduce was not one of moral turpitude; and that the prior conviction was more prejudicial than probative. The trial court overruled appellant's objections and allowed the State to elicit testimony from appellant that he was previously convicted of interference with the duties of a public servant.

■ We review a trial court's evidentiary rulings under an abuse-of-discretion standard and will not disturb the trial court's ruling unless it falls outside the zone of reasonable disagreement. *See Burden v. State,* 55 S.W.3d 608, 615 (Tex. Crim.App.2001). Specific acts of misconduct are admissible to impeach a party or witness only if the crime was a felony or involved a crime of moral turpitude, regardless of punishment, and the trial court

determines that the probative value of the evidence outweighs its prejudicial effects. *See Delk v. State,* 855 S.W.2d 700, 704 (Tex.Crim.App.1993); *Reyna v. State,* 99 S.W.3d 344, 349 (Tex.App.-Fort Worth 2003, pet. ref'd); TEX.R. EVID. 609(a).

■ An exception to the prohibition against impeachment through a prior conviction arises when the testimony of a witness during direct examination "opens the door" or leaves a false impression with the jury as to the extent of the witness's prior arrests, convictions, charges, or trouble with the police. *See Delk,* 855 S.W.2d at 704; *Reyna,* 99 S.W.3d at 349. The exception is not limited to final convictions, *Reyna,* 99 S.W.3d at 349, and also applies when the witness purports to detail his past convictions, but leaves an impression there are no others. *Ochoa v. State,* 481 S.W.2d 847, 850 (Tex.Crim.App.1972). Once the witness's response triggers the exception, opposing counsel may introduce what would otherwise have been irrelevant evidence about the witness's past criminal history. *See Delk,* 855 S.W.2d at 704–05; *Reyna,* 99 S.W.3d at 349. The past criminal history becomes relevant and thus admissible because the witness has created a false impression about his past conduct, which "opens the door" for the opponent to expose the false impression. *See Delk,* 855 S.W.2d at 704.

■ In evaluating whether the responses by a witness for the State opened the door for the defendant to correct a false impression, the *Delk* court emphasized the importance of examining whether the statement was responsive to the question asked and how broadly one would determine the question asked, given the major substantive issue in the case. *Id.* When a witness voluntarily or nonresponsively testifies concerning extraneous matters, the opposing side may correct a false impression presented by the answer. *See*

*Roberts v. State,* 29 S.W.3d 596, 601 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd). The intonation and tenor of a statement can assist in determining its context. *See Hammett,* 713 S.W.2d at 106. The scope of the impeachment must not exceed the issue that the defendant opened. *See id.* at 105–07.

■ Appellant's previous conviction for interference with the duties of a public servant was neither a felony nor a crime of moral turpitude and was thus not admissible under rule 609(a). *See* TEX.R. EVID. 609(a).[1] Therefore, we must determine whether appellant's conviction for interference with the duties of a public servant was admissible to correct a false impression with the jury about the issue of appellant's respect for police officers.

■ Appellant's statements concerning his respect for police officers were nonresponsive to the question asked, which inquired only about appellant's location when Officer Espinoza arrived at the scene. In volunteering the self-serving information about respect for police, appellant ventured completely outside the parameters of the narrow question concerning his location. The major substantive issue in the case concerned whether the appellant complied with the officer's commands or whether he resisted arrest. Accordingly, appellant's respect for police officers was central to the dispute.

Appellant's thrice repeating his statements about respect for police officers demonstrated that appellant did not make his statements inadvertently or in passing.

Rather, his repeated assertions were calculated to convey to the jury that he was generally respectful of police officers. Although we do not know the intonation of appellant's statements about police officers, we can discern, from the context and appellant's repetition, that the tenor of appellant's testimony appears to be a deliberate attempt to convey the impression that he respects the police and would not have disobeyed the officer's commands. *See Hammett,* 713 S.W.2d at 106. Appellant's self-serving remarks about respect for police placed his attitude toward public servants into issue and were thus properly subject to impeachment to refute that false representation with contrary evidence. *See Turner v. State,* 4 S.W.3d 74, 79 (Tex. App.-Waco 1999, no pet.). After reviewing the record and the overall tenor of appellant's testimony, we agree with the State that the trial court could have found that appellant left a false impression with the jury. *See Delk,* 855 S.W.2d at 704. Accordingly, the trial court's ruling that appellant opened the door to the admission of evidence of his prior conviction for interference with the duties of a public servant is not outside the zone of reasonable disagreement, and we will not disturb that ruling. *See Burden v. State,* 55 S.W.3d at 615.

We overrule appellant's first point of error.

### Ineffective Assistance of Counsel

In his second point of error, appellant relies on the allegedly erroneous admission of his prior conviction into evidence to

---

1. Appellant's prior conviction for interfering with a police officer was a class B misdemeanor and was thus not a felony. *See* TEX. PEN.CODE ANN. § 38.15(a)(1), (b) (Vernon 2003). Likewise, his prior conviction did not involve a matter of personal morality and was thus not a crime of moral turpitude. *See In re G.M.P.,* 909 S.W.2d 198, 208 (Tex.App.-Houston [14th Dist.] 1995, no. pet.) (citing *In re Humphreys,* 880 S.W.2d 402, 407 (Tex.1994)); *see also Hartford Accident & Idem. Co. v. Williams,* 516 S.W.2d 425, 428–29 (Tex.Civ. App.-Amarillo, writ ref'd n.r.e.) (noting that using loud and profane language in public place and to police officer not crimes of moral turpitude).

support his contention that his trial counsel was ineffective. Appellant contends that his trial counsel did not object adequately to the prosecutor's questioning appellant about his prior conviction and should have objected when the prosecutor referred to appellant's prior conviction in final argument to the jury.

■ The standard for evaluating ineffective assistance of counsel claims is set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See Hernandez v. State,* 726 S.W.2d 53, 55 (Tex.Crim.App. 1986); *Gamble v. State,* 916 S.W.2d 92, 93 (Tex.App.-Houston [1st Dist.] 1996, no pet.). To be entitled to a new trial on the ground that his trial counsel was ineffective, appellant must show that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment, and that (2), but for counsel's error, the result of the proceedings would have been different. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Gamble,* 916 S.W.2d at 93. In determining whether the *Strickland* test has been met, we focus on the totality of the representation afforded, not on individual alleged errors. *See Ex parte Welborn,* 785 S.W.2d 391, 393 (Tex.Crim.App.1990).

■ The defendant bears the burden to prove ineffective assistance of counsel. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Gamble,* 916 S.W.2d at 93. A defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2064; *Gamble,* 916 S.W.2d at 93. A claim of ineffective assistance of counsel must be firmly supported in the record. *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996). Finally, the constitutional right to counsel does not mean errorless counsel or counsel whose competency is judged by hindsight. *Doherty v. State,* 781 S.W.2d 439, 441 (Tex. App.-Houston [1st Dist.] 1989, no pet.).

Appellant contends that his trial counsel should have objected when the prosecutor cross-examined him concerning whether he had always respected police officers and, when he replied that he did, his trial counsel should have objected to the prosecutor's follow-up question, "Without fail?" Appellant also argues that his trial counsel should have objected when the prosecutor referred to appellant's prior conviction in final argument to the jury.

■ In contending that his trial counsel was ineffective for not objecting to the prosecutor's cross-examination, appellant argues that the questions by the prosecutor improperly placed appellant's character in issue. We disagree. As addressed above, in response to his own counsel's specific, narrow, direct-examination questions concerning appellant's location at the scene of the offense, appellant had already placed his respect for police officers in issue by volunteering additional, nonresponsive testimony. Any failure to object to the prosecutor's questions did not, therefore, result in the introduction of improper character evidence. We overrule appellant's claim that his trial counsel was ineffective by not objecting to the prosecutor's cross-examination.

■ Appellant also claims that his trial counsel provided ineffective assistance because he did not object when the prosecutor referred to appellant's prior conviction during closing argument to the jury. Appellant contends that the prosecutor improperly relied on the conviction as substantive evidence of appellant's guilt, in violation of the trial court's limiting instruction to the jury that the conviction was to be considered for impeachment only.

Appellant complains of the State's closing argument during the guilt and innocence phase of trial:

> The officer goes out there on the noise call. Then he wants to tell you that out of respect for police officers, hey, as soon as I saw him enter that parking lot, I turned off my music. In fact, I turned the keys and turned off the whole entire car, out of respect for police officers. However, you heard him answer the question that I asked him. Remember going back in that room for a while and we talked about some things out here and then you came back out? Well, guess what. I have been convicted one prior time of interference with a public servant, but I have so much respect for public servants and police officers, I always do what they say. Are you really going to buy that?

The State's closing argument concerned the credibility of appellant's testimony in light of his previous conviction, and, as such, was proper as a reasonable deduction from the evidence. Even if the prosecutor's argument exceeded the permissible scope of impeachment, the trial court's oral and written instructions to the jury, which appear below, cured any error that might have arisen from the prosecutor's reference to appellant's prior conviction. Moreover, the record reflects that the trial court included the written instructions in the jury charge in response to appellant's trial counsel's request. The trial court's instruction in the charge to the jury on guilt and innocence reads as follows:

> You are instructed that certain evidence was admitted before you in regard to the defendant's having been charged and convicted of an offense other than the one for which he is now on trial. You are instructed that *such evidence cannot be considered by you against the defendant as any evidence of guilt* in

this case. Said evidence was admitted before you for the purpose of aiding you, if it does aid you, in passing on the credibility of the defendant as a witness for himself in this case, and to aid you, if it does aid you, in deciding upon the weight you will give to him as such witness, and you will not consider the same for any other purpose.

[Emphasis added.] Similarly, before reading the charge aloud to the jury, the trial court explained that final arguments by counsel would follow, but that those arguments would "surmise to you what [counsel] think the evidence in this case shows[,]" but that "what they say in final argument is not evidence" but what counsel "think the evidence showed." Without evidence to the contrary, we must presume that the jury followed the trial court's instructions. *Hutch v. State,* 922 S.W.2d 166, 170 (Tex.Crim.App.1996); *Herrera v. State,* 11 S.W.3d 412, 415–16 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).

Appellant has thus not shown that the outcome of his trial would have been different if his trial counsel had objected to the prosecutor's reference to appellant's prior conviction. *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

We overrule appellant's second point of error.

**Legal Sufficiency**

In his third point of error, appellant contends that the evidence was legally insufficient to support his conviction because the State's case was not credible. In evaluating the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *King v. State,* 29 S.W.3d 556, 562 (Tex. Crim.App.2000); *Johnson v. State,* 95

S.W.3d 568, 571 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). Although our analysis considers all evidence presented at trial, we may not re-weigh the evidence and substitute our judgment for that of the jury. *King,* 29 S.W.3d at 562.

The information alleged that appellant unlawfully and intentionally prevented Officer Espinoza, a person appellant knew to be a peace officer, from effecting an arrest of appellant by using force against the officer and striking him with his elbow. Viewed in the light most favorable to the verdict, the evidence shows that on November 17, 2001, at about 11:40 p.m., Officer Espinoza was dispatched to Timberline Apartments to investigate a complaint about loud music. Espinoza arrived at the apartment complex and traced the sound of the music to a car. Espinoza drove by the car, turned around, and approached two men who were standing outside the car. One of the men was appellant. Officer Espinoza told appellant that, because the hour was approaching midnight and residents of the complex had called police to complain about loud music, appellant should either turn down the music or go inside. Espinoza repeated his request that appellant either go inside or turn his music down several times. Each time that the officer asked, appellant replied by cursing at Espinoza. Once, appellant made a threatening remark. Espinoza tried to maintain distance between himself and appellant.

When appellant made a second threatening comment, Officer Espinoza decided to arrest appellant for assault by threat. Espinoza allowed appellant to approach him, grabbed his wrist, and attempted to place handcuffs on him, telling him he was under arrest for assault by threat. Appellant attempted to jerk his wrist free, but Espinoza maintained his grip on his wrist and followed him. Both men ended up at ap-

pellant's car. After Espinoza instructed appellant to "Stop" and to "Quit it," appellant spun to his left side and hit Officer Espinoza on the chin with his elbow. Both men fell to the ground. After a struggle, Espinoza handcuffed appellant and took him to his patrol car.

We conclude the evidence was amply sufficient to enable a jury, as the judge of the credibility of the witnesses and testimony, to find the essential elements of the crime alleged in the information beyond a reasonable doubt.

We overrule appellant's third point of error.

### Factual Sufficiency

When reviewing the factual sufficiency of evidence, we examine all the evidence neutrally and ask whether proof of guilt is so obviously weak as to undermine confidence in the jury's determination or so greatly outweighed by contrary proof as to indicate that a manifest injustice has occurred. *Zuliani v. State,* 97 S.W.3d 589, 594 (Tex.Crim.App.2003); *King v. State,* 29 S.W.3d 556, 563 (Tex. Crim.App.2000); *Valencia v. State,* 51 S.W.3d 418, 423 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd). In conducting our analysis, if probative evidence supports the verdict, we must avoid substituting our judgment for that of the trier-of-fact, even when we disagree with the determination. *King,* 29 S.W.3d at 563. The trier-of-fact is the sole judge of the weight and credibility of witnesses' testimony. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App.2000).

Appellant contends that the State's case against appellant was not sufficiently credible to sustain a conviction. Appellant argues that the jury's finding of guilt was against the great weight and preponderance of the evidence because the State did not provide physical evidence to corroborate Officer Espinoza's testimony and be-

cause both appellant and his son testified that appellant did not resist arrest. The jury chose to believe Officer Espinoza and to disbelieve appellant and his son. We conclude, having viewed the evidence neutrally, that the proof of guilt in this case was not so obviously weak as to undermine confidence in the jury's determination or so greatly outweighed by contrary proof as to indicate that a manifest injustice occurred. *See Zuliani*, 97 S.W.3d at 594. Because probative evidence supports the jury's verdict and because the jury is the sole judge of the weight and credibility, we may not reweigh the evidence in appellant's favor. *See King*, 29 S.W.3d at 563. Accordingly, we conclude that the evidence is factually sufficient to support the verdict.

We overrule appellant's fourth point of error.

## Conclusion

We affirm the judgment of the trial court.