NO. 07-12-00146-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 13, 2013

_____

JEFFREY JENKINS, III, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2011-464,101; HONORABLE DRUE FARMER, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Jeffrey Jenkins, III, was convicted under the provision of the Transportation Code entitled "Accident Involving Damage to Vehicle."[1] The trial court assessed punishment of confinement in the Lubbock County Jail for ninety days. On appeal, through one issue, appellant contends the trial court erred by allowing the State to introduce during the guilt-innocence stage evidence of appellant's three prior convictions. We will affirm.

_____

[1] Tex. Transp. Code Ann. § 550.022 (West 2012).

## Background

Appellant was charged via an amended information and complaint with the offenses of deadly conduct, criminal mischief and the Transportation Code violation. The State waived the first two counts and proceeded only with the third. Appellant plead not guilty and the case was tried to a jury.

Appellant does not challenge the sufficiency of the evidence supporting his conviction so we will discuss only those facts necessary to disposition of his appellate issue. Appellant and Brandon Bond were involved in an accident, resulting in damage to the vehicles. Appellant testified that a red Chevrolet "sideswiped" his pickup truck and continued down the road. Bond testified appellant hit him and left the scene. Which man caused the accident and left the scene was a contested issue at trial.

After appellant made a statement during his testimony to the effect that he did not "do things like that," the State sought to impeach him with evidence of his three prior convictions for the Class C misdemeanor Transportation Code offense of failing to comply with a driver's duties on striking an unattended vehicle.[2] The trial court allowed the impeachment over appellant's objection. After appellant denied knowledge of the prior convictions, the State presented a rebuttal witness with copies of the judgments for the Class C convictions, which were admitted into evidence over appellant's objection.

---

[2] Tex. Transp. Code Ann. § 550.024 (West 2012).

Analysis

In his sole point of error on appeal, appellant argues the trial court erred in allowing the State to introduce evidence of the misdemeanor offenses during the guilt-innocence phase of trial. He contends he did not "open the door" to the introduction of this evidence by leaving a false impression with the jury and the State should not have been permitted to impeach him with evidence of the prior convictions.

At the outset of our discussion we note it is well established that a defendant who takes the witness stand may be cross-examined and impeached in the same manner as any other witness. *Feldman v. State*, 71 S.W.3d 738, 755 (Tex.Crim.App. 2002) (citing *Huffman v. State*, 746 S.W.2d 212, 219 (Tex.Crim.App. 1988)).

Under Rule of Evidence 609, a witness may be impeached with a prior offense but only by a final conviction for a felony or a crime involving moral turpitude, not too remote in time. Tex. R. Evid. 609; *Ochoa v. State,* 481 S.W.2d 847, 850 (Tex.Crim.App. 1972); *Turner v. State,* 4 S.W.3d 74, 79 (Tex.App.--Waco 1999, no pet.); *see* Tex. R. Evid. 608(b) (specific instances of conduct of witness not admissible to attack or support credibility, except as permitted by Rule 609). But convictions otherwise inadmissible under Rule 609 may be admitted to correct a false impression a witness leaves with the jury regarding the extent of his arrests, convictions, charges, or "trouble" with the police. In such a situation, the witness is said to have "opened the door" for the State to inquire into the veracity of his testimony. *Turner,* 4 S.W.3d at 79 (defendant gave jury false impression of prior arrests and attitude toward police); *Royal v. State*, 944 S.W.2d 33, 36 (Tex.App.—Texarkana 1997, pet. ref'd) (false impression by "I am not a drug dealer"

3

statement; evidence of prior nonfinal conviction admissible); *see generally* 1 S. Goode, O. Wellborn III, M. Sharlot, Texas Practice:  Guide to the Texas Rules of Evidence §§ 608.1, 609.1 (3rd ed. 2002). In doing so, the State may introduce evidence of specific incidents of bad acts for which the defendant is not on trial, evidence which is otherwise generally inadmissible. *Turner*, 4 S.W.3d at 79.

Generally, the false impression the State seeks to rebut must be created by the defendant through direct examination. *See Wheeler v. State*, 67 S.W.3d 879, 885 (Tex.Crim.App. 2002) (applying similar rule permitting extraneous offense evidence); *Royal*, 944 S.W.2d at 36. However, when a defendant leaves the false impression on cross-examination through a volunteered statement, without any prompting or maneuvering on the part of the State, the State may correct the false impression.  *See Roberts v. State,* 29 S.W.3d 596, 601 (Tex.App.--Houston [1st Dist.] 2000, pet. ref'd) (extraneous offense); *Royal*, 944 S.W.2d at 36-37.

We review a trial court's evidentiary rulings under an abuse-of-discretion standard and will not disturb the court's ruling unless it falls outside the zone of reasonable disagreement.  *Burden v. State*, 55 S.W.3d 608, 615 (Tex.Crim.App. 2001); *Montgomery v. State,* 810 S.W.2d 372, 378 (Tex.Crim.App. 1990) (op. oh reh'g).

The State asked appellant, on cross-examination, "Doesn't it make sense that you struck them and then turned and flipped around?  Doesn't the damage to Brandon Bond's car—isn't that more consistent with his testimony than yours, as far as what happened?"  Appellant answered, "No, because I would have to back up and power slide into his car on how that happened. I don't have any idea how I could have done

4

that to the side of my pickup . . . I'm a professional truck driver. I don't do things like that. I have to make a living on my license."

During cross-examination that was focusing on the inferences properly to be drawn from the nature and location of the damages to the two vehicles, appellant non-responsively volunteered the assertion he was a professional truck driver and did not "do things like that." Any doubt that, by his statement, appellant meant he would not "do things like" leave the scene of an accident was removed by his responses to the prosecutor's follow-up questions.[3] There, appellant reiterated his assertion he did not

<hr>

[3] The State's cross-examination continued:

Q. So this is—

A. This guy came into me and he took off.

Q. You're a professional truck driver?

A. Yes, sir, I am.

Q. Do you have a CDL?

A. Yes, sir, I do.

Q. So having a failure-to-leave-information, that's a big deal for you, isn't it?

A. Yes, and I don't do things like this. So if I did get into an accident, I would stop like I did.

We are conscious that commentators caution "courts must remain vigilant against attempts to bootstrap proof of a witness's misconduct into evidence." 1 S. Goode, O. Wellborn III, M. Sharlot, Texas Practice: Guide to the Texas Rules of Evidence § 608.1, at 726-27 (3rd ed. 2002). Nonetheless, in this instance we agree with the State's contention that the prosecutor's follow-up questions were not "prompting or maneuvering," *e.g.*, *Royal*, 944 S.W.2d at 37, for an assertion the prosecutor could use as an avenue for impeachment, nor did the prosecutor "exceed the scope of the invitation," *Feldman*, 71 S.W.3d at 756, for clarification that appellant's volunteered statement offered.

"do things like this," and added the assertion that if he were in an accident, he "would stop." The trial court reasonably could have considered appellant's volunteered "I don't do things like that," given in association with the further volunteered statement that he was a professional truck driver, to have given the jury an impression that, because of the potential adverse consequences to his livelihood, appellant had never left the scene of an accident. By his volunteered assertions of his law-abiding behavior, appellant opened the door to the later cross-examination regarding his three misdemeanor convictions for failure to comply with his duties to stop and provide the required information after colliding with and damaging an unattended vehicle. *Delk v. State*, 855 S.W.2d 700, 704 (Tex.Crim.App. 1993) (noting when a witness creates a false impression of law abiding behavior, he opens the door on his otherwise irrelevant past criminal history); *see also Daggett v. State,* 187 S.W.3d 444, 452 (Tex.Crim.App. 2005) (blanket statement of good conduct like "I would never have sex with a minor" opens the door to proof of relevant act); *see Wheeler,* 67 S.W.3d at 885 (defendant presented picture he was not the type of person to commit the charged offense, allowing cross-examination on similar extraneous offenses); *Paita v. State,* 125 S.W.3d 708, 713 (Tex.App.—Houston [1st Dist.] 2003, pet. ref'd) (defendant's self-serving remarks about respect for police placed his attitude toward public servants into issue and were thus properly subject to impeachment).

We find no abuse of discretion in the trial court's ruling. Accordingly, we overrule appellant's issue and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

6