Affirmed and Memorandum Opinion filed November 8, 2005









Affirmed
and Memorandum Opinion filed November 8, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00632-CR

____________

 

ROBERT TERRY
MILLER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 975,873

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant Robert Terry Miller
guilty of aggravated assault and assessed punishment at five years= confinement in
the Texas Department of Criminal Justice Institutional Division.  In two issues, appellant challenges the legal
and factual sufficiency of the evidence supporting his conviction.  We affirm.

 

 








Background

On January 4, 2004, around 3:00 a.m.,
Kevin Tatum and his wife, Helen Tatum, went to an after-hours nightclub known
as ADa Spot.@[1]  After arriving at the nightclub, Kevin
stopped to chat with friends and remained in the car with the windows
down.  His friends stood outside the
vehicle on the passenger=s side. 
While Kevin leaned over the passenger seat in conversation, a man known
as AJavay@ reached through
the driver=s side window and punched Kevin in the
jaw.  Kevin opened the car door to
confront Javay.  Javay then ran away and
joined appellant and others who were standing in a group.  After seeing that appellant and the others
had guns,  Kevin jumped back into his car
and began to drive away.  As he drove, he
saw appellant and several others shoot at his car.  Kevin drove until the street became a
dead-end and his car got stuck in a ditch. 


At the time of the incident, Officer
Xavier Budd was working near Da Spot. 
When he heard the gunshots, he drove toward the area of the sound and
came upon Kevin and Helen.  He noticed
that the rear window of their car was shattered.  A few days after the incident, Kevin and
Helen each gave the investigating officer, Officer K.W. Bray, a statement
regarding the incident.  Kevin and Helen
both identified appellant as one of the gunmen. 
In addition, another witness, Dominic Conley, testified that he saw
appellant with a large group of men. 
Appellant was walking toward Kevin=s car while
holding out his arms as if he were about to shoot a gun.  Before trial, Helen and Kevin separated and
filed for divorce.  Helen testified at
trial that while she saw appellant at Da Spot, she was certain that he was not
one of the individuals that shot at her and Kevin the night of the incident. 

Appellant was charged with aggravated
assault with deadly weapon.  A jury found
appellant guilty of aggravated assault and assessed punishment at five years= confinement. 

 








Standard of
Review

In evaluating a legal-sufficiency challenge, we view
the evidence in the light most favorable to the verdict.  Wesbrook v. State, 29 S.W.3d 103, 111
(Tex. Crim. App. 2000).  The issue on
appeal is not whether we, as a court, believe the State=s evidence or
believe that appellant=s evidence outweighs the State=s evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex.
Crim. App. 1984).  The verdict may not be
overturned unless it is irrational or unsupported by proof beyond a reasonable
doubt.  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991). 
The trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The trier of
fact may choose to believe or disbelieve any portion of the a witness=s testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v.
State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997). 








In contrast, when evaluating a challenge
to the factual sufficiency of the evidence, we view all the evidence in a
neutral light and inquire whether the trier of fact was rationally justified in
finding guilt beyond a reasonable doubt. 
Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  A reviewing court may find the evidence
factually insufficient in two ways.  Id.  First, when considered by itself, the
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt.  Id.  Second, after weighing the evidence
supporting the verdict and the evidence contrary to the verdict, the contrary
evidence may be strong enough that the beyond-a-reasonable-doubt standard could
not have been met.  Id. at 484B85. 
In conducting the factual-sufficiency review, we must employ appropriate
deference so that we do not substitute our judgment for that of the fact
finder.  Id. at 481B82. 
Our evaluation should not intrude upon the fact finder=s role as the sole judge of the
weight and credibility given to any witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997).  In conducting a
factual-sufficiency review, we must discuss the evidence appellant claims is
most important in allegedly undermining the verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).

Sufficiency of
the Evidence

Appellant contends, in two issues, that
the evidence is legally and factually insufficient to support his
conviction.  More specifically, appellant
contends that the evidence is insufficient because his witnesses= testimony
contradicted the State=s witnesses= testimony and
there was no evidence either that he owned or carried a firearm or that he
discharged a firearm on the day of the incident.  We disagree with appellant=s contentions. 

It is well-established that it was for the
jury, as the trier of fact, to decide whether to believe the State=s or appellant=s witnesses.  The jury is entitled to believe all, none, or
some of any of the witnesses= testimony.  See Saxton v. State, 804 S.W.2d
910, 914 (Tex. Crim. App.  1991); Penagraph
v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981).  We do not realign, disregard, or reweigh the
evidence.  See Rodriguez v. State,
939 S.W.2d 211, 218 (Tex. App.BAustin 1997, no
pet.).  In addition, mere contradiction
in testimony at trial will not suffice to overturn a conviction. See Turner
v. State, 4 S.W.3d 74, 83 (Tex. App.BWaco 1999, no
pet.). 








The State presented the following
witnesses to prove its case beyond a reasonable doubt: the complainant, Kevin
Tatum, and Dominic Conley (another eyewitness). 
Kevin Tatum testified that appellant was among the individuals who aimed
their guns at him as he stepped out of his vehicle to confront Javay.  Kevin was located only a few feet from where
appellant was standing and observed appellant pull a gun and aim it at him.  The jury was entitled to believe Kevin=s identification
of the shooter.  See Harvey v. State,
3 S.W.3d 170, 174 (Tex. App.BHouston [14th
Dist.] 1999, pet. ref=d) (affirming aggravated assault
conviction where the identification of the defendant was made by the
complainant who was a few feet away from defendant).  Next, Dominic Conley also testified that he
saw appellant with a large group of men walking toward Kevin=s car while
holding out his arms as if to shoot a gun.

Appellant=s key witness,
Helen Tatum, initially identified appellant as a shooter in her statement given
to the police shortly after the incident. 
However, she retracted this identification after she and Kevin
separated, and she testified at trial that appellant was not one of the
shooters.  Shaneka Williams and Chris
Mills also testified for appellant. 
Shaneka testified that she was facing the direction from which the shots
were fired, but yet heard the shots come from behind her.  Chris Mills testified that he knew about
three days after the incident that appellant had been arrested but did not come
forth with his statement that appellant was not one of the shooters until
directly before trial, about six months later. 








It is within the sole province of the jury
to reconcile conflicts, contradictions, and inconsistencies in the
evidence.  Bowden v. State, 628
S.W.2d 782, 784 (Tex. Crim. App. 1982). 
The jury is also the judge of the credibility of the witnesses, and it
is free to believe or disbelieve any portion of a witness=s testimony.  Cain, 958 S.W.2d at 408B09.  Here, the jury was presented with some
inconsistent testimony between the witnesses concerning whether appellant was
one of the shooters.  The jury heard and
considered the inconsistencies in the testimony and determined that appellant
was guilty of aggravated assault. 
Considering all of the evidence in the case, and deferring to the jury=s role as the sole
judge of the weight and credibility given to witness=s testimony, we
are unable to conclude that the inconsistencies in the testimony are enough to
declare the verdict legally or factually insufficient.  See Tran v. State, No. 14-03-01372-CR, __
S.W.3d __, 2005 WL 2334828, at *7B8 (Tex. App.BHouston [14th
Dist.] June 2, 2005, pet. ref=d) (holding that
evidence was sufficient to support convictions for three counts of aggravated
sexual assault of a child, even though testimonies of victim and outcry witness
were inconsistent as to location of alleged sexual assaults as well as exact
incidents that transpired during assaults, and evidence suggested that
defendant did not have large window of opportunity to commit assaults).  Accordingly, we overrule both of appellant=s issues and
affirm the trial court=s judgment. 

 

 

 

 

/s/      Leslie
Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed November 8, 2005.

Panel consists
of Justices Yates, Hudson, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Helen Tatum is appellant=s ex-wife.