COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-463-CR

 

 

EDWARD G. CROCKETT                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Edward G. Crockett appeals his
conviction for possession of four grams or more but less than 200 grams of
cocaine enhanced by a prior burglary conviction.[2]  We affirm.








On the night of December 28, 2006, Fort Worth
Police Officers J.H. Hill and D.M. Martinez were staking out a known drug house
on Hanna Street in Fort Worth when a station wagon pulled up to the curb in
front of the house.  The driver, Harry
Ford, exited the car, met briefly with another man on the doorstep, returned to
the station wagon, and drove away.

Suspecting that a drug transaction had just
occurred, the officers followed the station wagon several blocks to a house on
Northwest 26th Street.  Ford parked in
the driveway and met appellant in the street. 
As Officer Hill approached Ford, appellant retreated to the driveway
next to the station wagon.  Officer Hill
saw appellant place his hand on top of the station wagon near the driver=s door
and wait.  Officer Hill wondered why
appellant was Astill hanging around the area,@ so he
went to talk to him.  Officer Hill
observed that appellant was very nervous; his lips were quivering and he was
glancing around and over his shoulder. 
Officer Hill then frisked appellant as a precaution and found a Acrack
pipe@ on
him.  Officer B.A. Farmer arrived at that
point, and as he was walking up the driveway, he spotted a small plastic bag of
crack cocaine resting on top of the station wagon.  The officers then arrested appellant.








The State indicted appellant for possession of a
controlled substance.  He waived a jury
and was tried before the court.  The trial
court found him guilty and sentenced him to ten years in prison.

In his sole point on appeal, appellant claims
that the evidence is factually insufficient to support his conviction because
the witnesses= testimonies conflicted and the
State=s
evidence was insufficient to link him to the contraband.








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.[3]  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
factfinder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s
determination is manifestly unjust.[4]  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.[5]








We cannot conclude that a conviction is clearly
wrong or manifestly unjust simply because we would have decided differently
than the trial court or because we disagree with its resolution of a conflict
in the evidence.[6]  We may not simply substitute our judgment for
the factfinder=s.[7]  Unless the record clearly reveals that a
different result is appropriate, we must defer to the trial court=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict often turns on an evaluation of credibility
and demeanor, and the trier of fact was in attendance when the testimony was
delivered.[8]  Thus, we must give due deference to the
factfinder=s determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@[9]  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint on appeal.[10]

A person unlawfully possesses contraband when he
(1) exercises actual care, custody, control, or management over the contraband
and (2) knows the matter possessed is contraband.[11]  When there is no evidence that the accused
was in exclusive control of the place where the contraband was found, the State
must offer additional, independent facts and circumstances that Alink@ the
accused to the contraband.[12]  Whether this evidence is direct or
circumstantial, Ait must establish, to the
requisite level of confidence, that the accused=s
connection with the drug was more than just fortuitous.@[13]








No formula exists to dictate a finding of links
sufficient to support an inference of knowing possession.[14]  It is the logical force of the evidence, and
not the number of links, that supports a factfinder=s
verdict.[15]  Possible links include but are not limited to
(1) whether the defendant was present when the drugs were found; (2) whether
the drugs were in plain view; (3) the defendant=s
proximity to the drugs and their accessibility; (4) whether the defendant
possessed other contraband or drug paraphernalia; and (5) whether the defendant
made furtive gestures.[16]








Applying the relevant links listed above to this
case, the record shows that appellant was in knowing possession of the drugs at
the time of his arrest.  The evidence
described above shows that appellant was present when the drugs were found,
that he made furtive gestures, that he possessed drug paraphernalia at the time
of his arrest, that the drugs were in plain view, and that the drugs were
proximate to appellant and accessible to him. 
Although appellant points out a number of discrepancies and conflicts in
the testimony relevant to these links, he does not explain how they render the
evidence factually insufficient.  Mere
contradictions in testimony made by witnesses at trial will not suffice to
overturn a conviction based on factual insufficiency.[17]  Rather, contradictions or conflicts relate to
the weight and credibility of the evidence.[18]  As factfinder, the trial court resolved any
alleged conflicts in the witnesses=
testimony in the State=s favor, and viewing the entire
record in a neutral light, we cannot say that the trial court=s
resolution of conflicts in the testimony was clearly wrong or manifestly
unjust.[19]  Accordingly, we overrule appellant=s sole
point of error and affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL:  CAYCE, C.J.; WALKER and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 18, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety
Code Ann. ' 481.115(a), (d) (Vernon
2003); Tex. Penal Code Ann. ' 12.42(b) (Vernon Supp. 2008).





[3]Neal v. State, 256 S.W.3d 264, 275
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 1037 (2009); Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).





[4]Lancon v. State, 253 S.W.3d 699, 705
(Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414B15, 417.





[5]Watson, 204 S.W.3d at 417.





[6]Id.





[7]Johnson v. State, 23 S.W.3d 1, 12 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App.
1997).





[8]Johnson, 23 S.W.3d at 8.





[9]Id. at 9.





[10]Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).





[11]Tex. Health & Safety
Code Ann. '' 481.002(38) (Vernon
Supp. 2008), 481.115(d) (Vernon 2003); Poindexter v. State, 153 S.W.3d
402, 405B06 (Tex. Crim. App.
2005).





[12]See Poindexter, 153 S.W.3d at 406.





[13]Id. (quoting Brown v.
State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)).





[14]Taylor v. State, 106 S.W.3d 827, 831
(Tex. App.CDallas 2003, no pet.).





[15]Evans v. State, 202 S.W.3d 158, 166
(Tex. Crim. App. 2006).





[16]See Taylor, 106 S.W.3d at 831.





[17]Turner v. State, 4 S.W.3d 74, 83 (Tex.
App._Waco 1999, no pet.).





[18]Weisinger v. State, 775 S.W.2d 424, 429
(Tex. App._Houston [14th Dist.]
1989, pet. ref=d).





[19]See Watson, 204 S.W.3d at 414B15, 417; Johnson,
23 S.W.3d at 8, 11.